**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br>vs.<br><br>Gregory Alan Fallgatter, Jr.,<br><br>                Defendant. | No. CR-07-00014-001-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Gregory Alan Fallgatter, Jr.'s Motion to Terminate Supervised Release (Doc. 99). The United States opposes the Motion. (Doc. 103). For the following reasons, the Motion will be denied.

**I.    BACKGROUND**

In December 2006, Defendant was involved in a series of five armed robberies—one of a bank and four of other retail businesses. (Doc. 103 at 1, 3). During two of the robberies, including the bank robbery, Defendant fired a shot from the gun he was carrying into the ceiling. (Doc. 103 at 1, 3). Defendant was charged in this Court with Armed Bank Robbery (Count One) and Discharging a Firearm During a Crime of Violence (Count Two). (Doc. 19). On April 8, 2008, he pled guilty to Count One. (Doc. 35). On October 17, 2008, Defendant was sentenced to 36 months in federal prison, to run consecutive to his state prison sentence, followed by 60 months of supervised release, in addition to a $100.00 special assessment. (Doc. 83). In state court, Defendant pled guilty to two counts of armed robbery and was sentenced to 12 years in state prison.

(Doc. 99 at 2; Doc. 103 at 2–3).

Defendant started supervised release on August 9, 2019, meaning he has completed about 33 of the 60 months, and has had no violations. (Doc. 99 at 2). On March 1, 2022, he filed the instant Motion to Terminate. (Doc. 99). On March 18, 2022, the United States filed its Response opposing the Motion. (Doc. 103). On April 22, 2022, the Court ordered Defendant to file supplemental briefing detailing the status of his financial obligations in this case in addition to more specific information about his asserted "productive, law-abiding life." (Doc. 104). On May 16, 2022, Defendant filed a Supplement stating that he "has no additional information to provide the Court." (Doc. 107).

## II.   LEGAL STANDARD

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.*

## III.   DISCUSSION

After careful consideration of the relevant § 3553(a) factors, the Court cannot conclude from the limited information in the record that termination of supervised release is warranted by Defendant's conduct and the interests of justice. While Defendant has not violated the terms of his supervised release, the Court has no information about any steps that he has taken to ensure that he continues to live a law-abiding life once his supervised release ends, such as maintaining gainful employment or being involved in his family or community. The Court also lacks any information about whether he has fulfilled the financial obligations of his sentence. Absent these pieces of information and in light of

the seriousness of the crime of conviction, it is not clear to the Court that terminating Defendant's supervised release would adequately serve the interests of deterrence, protection of the public, and stable community reintegration. The Court is encouraged that Defendant is performing well on supervised release but does not find justification for termination in the record. Accordingly,

**IT IS ORDERED** that Defendant Gregory Alan Fallgatter, Jr.'s Motion to Terminate Supervised Release (Doc. 99) is **denied**.

Dated this 18th day of May, 2022.

Honorable Steven P. Logan
United States District Judge